## Lloyd G. Brewer v. F. M. Fox and Richard Gallagher.

1. Real Estate Agent—*Authority to Sell by Letter.*—The owner of real estate may authorize a real estate agent to sell the same by letter.

2. Abstract of Title—*Vendor Must Furnish.*—The vendor of real estate must furnish evidence of his title, which, by usage, is an abstract.

3. Maxims—*In Equity.*—He who seeks equity must do equity.

**Bill to Remove a Cloud from Title.**—Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed February 11, 1896.

Walter M. Howland, attorney for appellant.

Straus & Bruggemeyer, attorneys for appellee Gallagher.

Mr. Presiding Justice Gary delivered the opinion of the Court.

November 12, 1892, the appellees, or one of them, caused to be recorded in the office of the recorder of deeds of Cook county, a writing as follows:

"Chicago, July 7, 1892.

Received from Richard Gallagher the sum of fifty dollars ($50), earnest money, being part of the purchase money for a house and two lots situated at the northeast corner of Smith and Washtenaw avenues, and belonging to Lloyd G. Brewer; if the title of said property prove to be not good, then the $50 will be refunded to Richard Gallagher.

If, upon examination, the title prove to be good, then Richard Gallagher will pay to F. M. Fox an additional sum of one thousand, one hundred and fifty dollars ($1,150), upon the delivery of a warranty deed from Lloyd G. Brewer, special assessments of 1892, to be paid by Lloyd G. Brewer.

F. M. Fox."

The appellant filed this bill to set aside that writing as a

cloud upon his title upon the ground that he had never authorized or ratified the sale.

Brewer was in California, and wrote several letters to Fox authorizing him to sell—once for $1,000 net to Brewer. Without going through the evidence, we hold that it is proved that Fox was authorized to sell the premises for $1,200.

A deed was sent to Brewer to execute, which he refused to do, on the ground that the purchaser must pay some assessments, and for water in the street, and continuation of the abstract. A vendor must furnish evidence of his title, which, by usage, is an abstract.

Any charges which were liens upon the premises he must pay.

The decree dismissing the bill without terms is wrong.

It matters not that the writing can not be enforced against Gallagher, nor whether a bill for a specific performance could be maintained by either him or Brewer.

If the appellant seeks equity, he must do it. Martin v. Martin, No. 6018 this term.

If Gallagher will pay the other $1,150 without delay, and the appellant will thereupon accept it, and, showing a clear title, convey to Gallagher, or if the appellant will not accept the money, show a clear title and convey, in either case the bill should be dismissed at the cost of the appellant. But if Gallagher will not so complete the purchase, then the prayer of the bill should be granted, at the cost of Gallagher.

No directions can be made on this bill, to adjust the relations between Brewer and Fox, and Fox and Gallagher, but doubtless that will be easily done if the purchase is completed.

The decree is reversed and the cause remanded with directions to dispose of the case as above written; neither party to recover costs in this court. The reasons in Gallagher's brief why the appeal should be dismissed are not considered, no motion to dismiss ever having been made. Reversed and remanded.